ORDERED.

**Dated: November 12, 2026**

Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re<br><br>JOSEPH ANTHONY RISKO<br><br>Debtor | Case No: 6:26-bk-03890-LVV<br>Chapter 13 |

**ORDER DISMISSING CHAPTER 13 CASE**

(THIS ORDER IS EFFECTIVE ON THE 15TH DAY FOLLOWING DATE OF ENTRY)

THIS CASE came on for consideration of the Trustee's Motion to Dismiss Case for Failure to Maintain Timely Plan Payments (Document No. 42) and the Debtor's Response (Document No. 44). By submission of this Order for entry, the Chapter 13 Trustee represents that Debtor failed to cure the default in payments under the Debtor's plan.

Accordingly, it is **ORDERED:**

1. The case is dismissed without prejudice effective on the 15th day following the date of entry of this Order.

2. If the automatic stay imposed by 11 U.S.C. § 362(a) or the stay of an action against a codebtor under 11 U.S.C. § 1301 is in effect at the time this Order is entered, the automatic stay shall remain in effect for 14 days from the entry of this Order, notwithstanding the provisions of 11 U.S.C. § 362(c)(2) (B).

3. **The Debtor may convert this case to a case under another chapter of the**

**Bankruptcy Code within 14 days of the entry of this Order. If the case is not converted within 14 days, the case is dismissed effective on the 15th day after the date of entry of this Order.**

4. If the Debtor files a motion to vacate or for reconsideration of the Order Dismissing the Case within 14 days of the entry of this Order, the automatic stay imposed by 11 U.S.C. § 362 and the stay of action against a codebtor under 11 U.S.C. § 1301 shall remain in full force and effect until the Court rules on the motion.

5. All pending hearings are canceled with the exception of any scheduled hearing on a motion for relief from stay that is currently scheduled for hearing within 14 days of the entry of this Order or on an Order to Show Cause over which the Court hereby reserves jurisdiction.

6. Notwithstanding any other Court orders, the Trustee shall return to Debtor, or if Debtor is represented by an attorney, to Debtor in care of Debtor's attorney, any remaining funds on hand not previously disbursed and shall thereafter file the Trustee's final report. Upon the filing of the final report, the Trustee will be discharged of all duties as Trustee.

7. Debtor, the Trustee, or any party in interest may, within 14 days of the entry of this Order, file a motion requesting the Court to examine the fees paid to Debtor's attorney and for the disgorgement of any portion of the fees deemed excessive. The Court shall retain jurisdiction for this purpose.

8. The Court reserves jurisdiction to determine timely filed applications for administrative expenses.

The Trustee Laurie K. Weatherford is directed to serve a copy of this order on interested parties who are non-CM/ECF users and to file a proof of service within 3 days of entry of the order.